UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KELVIN JEFFERSON

VERSUS

GEICO CASUALTY COMPANY

CIVIL ACTION

NO. 17-1649-JWD-EWD

**NOTICE AND ORDER**

Plaintiff, Kelvin Jefferson ("Plaintiff") filed a Declaratory Judgment (the "Complaint") on November 10, 2017.[1] Therein, Plaintiff asserts that this court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and "the amount in controversy as to each party in this matter exceeds the jurisdictional limits of this Honorable Court of $75,000.00."[2] With respect to the citizenship of the parties, Plaintiff alleges:

> Plaintiff, Kelvin Jefferson is a Louisiana native and person of full age and majority is now a resident of Irving Texas and Who at all times entered and executed a contract of insurance while Domiciled in Shreveport Louisiana with Defendant, Geico Casualty Company a foreign corporation whos [sic] Principle [sic] place of business is in East Baton Rouge Louisiana and Whos [sic] Agent for Service of Process is the Louisiana Secretary of State, which is within the territorial bounds of the Middle District of Louisiana.[3]

For multiple reasons, this is not a sufficient allegation of either parties' citizenship and potentially indicates that the parties are not diverse. With respect to Plaintiff, the citizenship of an individual is based on the individual's *domicile*. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."). The above allegation seems to indicate that Plaintiff is a Louisiana domiciliary; however, such is not clear and Plaintiff apparently relies on his Texas residency to establish

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 1-2.
[3] R. Doc. 1, p. 1.

1

complete diversity between the parties.[4] With respect to defendant, Geico Casualty Company ("Geico"), Plaintiff must allege Geico's (1) principal place of business (*i.e.*, the state in which Geico has its principal place of business, *not* where its Louisiana offices are principally located); and (2) its state of incorporation. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff, Kelvin Jefferson shall file a comprehensive Amended Complaint (*i.e.*, a complaint which does not incorporate any previous filing by reference and which includes all of the Plaintiff's allegations as supplemented and amended and which will become the operative complaint in this matter) that adequately alleges the citizenship of Plaintiff and of Geico Casualty Company. Plaintiff shall have seven (7) days from this Notice and Order to file the Amended Complaint.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on November 14, 2017.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] It appears Plaintiff relies on his Texas residency to establish diversity because Plaintiff alleges that Geico's principal place of business is in Louisiana.